[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 30, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-11516
Non-Argument Calendar

_____

D. C. Docket No. 08-00329-CR-ODE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MELVIN DOUGLAS ZELAYA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 30, 2009)

Before TJOFLAT, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Melvin Douglas Zelaya appeals the sentence he received, 48 months' imprisonment, after pleading guilty to illegally re-entering the United States after having previously been deported, in violation of 8 U.S.C. § 1326(a) and (b)(2). He raises one issue: whether the sentence is substantively unreasonable because his criminal history was overstated, a 16-level increase of his offense level for a prior conviction lacked a reasonable basis, and the sentence is greater than necessary to achieve the sentencing objectives of 18 U.S.C. § 3553(a).

We review the final sentence imposed by a district court for reasonableness. United States v. Booker, 543 U.S. 220, 264, 125 S.Ct. 738, 767, 160 L.Ed.2d 621 (2005). First, we must ensure that the district court committed no significant procedural error, such as improperly calculating the guidelines range or treating the Guidelines as mandatory. Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). After we determine that the district court's sentencing decision is procedurally sound, we review the substantive reasonableness of the sentence for abuse of discretion. Id.

This reasonableness review is "deferential," requiring that we determine "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). There is a "range of reasonable sentences from which the

2

district court may choose," and the burden is on the defendant to show that the sentence was unreasonable in light of the record and the § 3553(a) factors. Id. While a sentence within the guideline range is not per se reasonable, we ordinarily expect such a sentence to be reasonable. Id.

"The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007). We will remand for resentencing only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Tally, 431 F.3d at 788; United States v. Pugh, 515 F.3d 1179, 1191-92 (11th Cir. 2008) (citation and internal quotation marks omitted).

Pursuant to § 3553(a), the sentencing court shall impose a sentence sufficient, but not greater than necessary, to (1) reflect the seriousness of the offense, (2) promote respect for the law, (3) provide just punishment for the offense, (4) deter criminal conduct, (5) protect the public from future crimes of the defendant, and (6) provide the defendant with needed educational or vocational training or medical care. 18 U.S.C. § 3553(a)(2). One factor the court must

consider in imposing a sentence is the guidelines range, but courts, in their discretion, may vary from guidelines ranges based solely on policy consideration, including disagreements with the Guidelines. 18 U.S.C. § 3553(a)(4); <u>Kimbrough v. United States</u>, 552 U.S. 85, ___, 128 S.Ct. 558, 570, 169 L.Ed.2d 481 (2007).

In this case, the district court correctly calculated Zelaya's advisory Guidelines range as 57-71 months' imprisonment, and Zelaya makes no claim of error in those calculations. The district court then took Zelaya's multiple mitigating arguments into account in sentencing him below that advisory Guidelines sentence range. Zelaya has failed to show that his below-range sentence is substantively unreasonable in light of the record and the § 3553(a) factors. His 48-month sentence is, accordingly,

AFFIRMED.